E. D. WARDE AND SONS, a partnership, Plaintiff,

v.

COLORADO NATIONAL BANK, a National Banking Association, and the Northern Trust Company, an Illinois Corporation, Defendants.

Civ. A. No. 80–C–13.

United States District Court, D. Colorado.

Dec. 3, 1980.

Gregory B. Kanan, Steven Miller, Rothgerber, Appel & Powers, Denver, Colo., for plaintiff.

John S. Pfeiffer, Gorsuch, Kirgis, Campbell, Walker & Grover, Craig A. Christensen, Sherman & Howard, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

THIS MATTER is before the Court on independent motions for summary judgment filed by the defendants, The Northern Trust Company (Nortrust) and Colorado National Bank (CNB). The motions have been fully briefed, and the Court is of the opinion that both can be decided without oral argument.

### 1. *Nortrust Motion for Summary Judgment.*

The complaint alleges that the plaintiff sustained substantial losses from an investment in a cattle–feeding program managed by defendant Nortrust. Liability is premised primarily on alleged violations of 15 U.S.C. sections 77g and 78j as well as Rule 10b–5. In addition, the complaint contains pendent claims for relief based on negligence, breach of contract, and asserted violations of Colorado securities laws. Basically, the complaint against Nortrust alleges that Nortrust officers and employees misrepresented material facts, and failed to disclose others, thereby inducing the plaintiff to invest, and ultimately causing the alleged loss.

Nortrust's motion for summary judgment contends that the plaintiff and Nortrust reached a written settlement agreement which, as a matter of law, constitutes an accord and satisfaction precluding the plaintiff from proceeding further against Nortrust.

■ The burden of proof to establish a defense of accord and satisfaction rests upon Nortrust. *Western Air Lines v. Hollenbeck*, 124 Colo. 130, 235 P.2d 792, 797 (1951). " 'In order to constitute an accord and satisfaction, it is necessary that the money should be offered in full satisfaction of the demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction; it must be such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such conditions. . . .' " *Id.*, quoting *Pitts v. National Independent Fisheries Co.*, 71 Colo. 316, 206 P. 571 (1922).

■ Without going into unnecessary detail regarding the setting in which the "settlement agreement" was signed, it is clear that Nortrust has not met the foregoing standard in its motion for summary judgment. The agreement upon which the defense is based is a handwritten document, signed by E. D. Warde, which sets forth certain figures relating to specific losses, and then states an "accepted settlement" figure of $325,000.00. Considerable ambiguity appears in the document's final sentence, which states: "If major discrepancy in our numbers arises, we will again review this matter." This statement alone raises a serious factual question as to whether the document was intended to be a full and final settlement of all of the plaintiff's claims against Nortrust. In addition, the plaintiff has pointed out that a full release, tendered by Nortrust after the settlement agreement was executed, was *not* signed. Statements by E. D. Warde in his deposition further indicate factual issues as to the parties' intentions.

In short, Nortrust has failed to meet its burden of establishing beyond any factual dispute that the parties reached an accord and satisfaction. Therefore Nortrust's motion for summary judgment must be denied.

### 2. *CNB Motion for Summary Judgment.*

CNB's liability is alleged to arise from its participation in recommending that the plaintiff invest in Nortrust, in failing to disclose certain material facts, and in misrepresenting certain other material facts. CNB asserts the following arguments in support of its motion for summary judgment: (1) that it cannot be liable under 15 U.S.C. section 78j(b) and Rule 10b–5 because no duty to disclose arose from its relationship with the plaintiff; (2) that it cannot be liable as an "aider and abettor" under the foregoing principles because there is no evidence of the scienter necessary for aider–abettor liability; (3) that 15 U.S.C. section 77g, upon which the Third Claim for Relief is based, does not create a private right of action as against CNB; and (4) that if the federal securities claims are dismissed, there is no basis for retaining the pendent state claims. These contentions will be analyzed in the order stated.

#### a. *Duty to Disclose.*

■ Liability under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. section 78j(b), and Rule 10b–5 thereunder, "is premised upon a duty to disclose arising from a relationship of trust and confidence between parties to a transaction." *Chiarel-*

la v. United States, 445 U.S. 222, 230, 100 S.Ct. 1108, 1115, 63 L.Ed.2d 348 (1980). CNB contends that even if all the allegations of the complaint are assumed to be true, the plaintiff has not set forth sufficient facts to show the existence of a fiduciary or similar relationship.

■ Contrary to CNB's assertions, the complaint and the depositions before the Court on these motions adequately raise factual questions regarding the relationship between the plaintiff and CNB. These documents indicate that CNB officers may have undertaken to advise the plaintiff regarding the soundness of the Nortrust investment, to recommend Nortrust, and to take an active part in setting up the relationship between Nortrust and the plaintiff. At the very least, these documents place in dispute CNB's position that it simply gave "*gratis* advice . . . to Plaintiff at his insistence"–"free information as to potential types of investments and possible investors." *See Affiliated Ute Citizens v. United States*, 406 U.S. 128, 152, 92 S.Ct. 1456, 1471, 31 L.Ed.2d 741 (1972).

Whether the dealings between CNB and the plaintiff gave rise to "a relationship of trust and confidence between parties to [the] transaction" is a fact question, and CNB has not presented sufficient documentation to show that the material facts are undisputed.

### b. *Aider and Abettor Liability.*

CNB also contends that the plaintiff has presented no evidence nor made any allegations sufficient to implicate CNB as an "aider and abettor" for the purposes of liability under 10b–5.

■ CNB correctly points out that "scienter" is an essential element of a 10b–5 action. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). The Supreme Court in *Ernst* declined to answer the question whether recklessness satisfies that scienter requirement, but the Tenth Circuit has indicated that it does. *Edward J. Mawod & Co. v. S.E.C.*, 591 F.2d 588, 595–96 (10 Cir. 1979). In this case, the plaintiff has alleged sufficient facts to raise issues as to CNB's knowledge of and participation in the alleged misrepresentations, and CNB has submitted no affidavits or other documents removing those issues from dispute. Therefore, again, summary judgment is inappropriate.

### c. *Violation of 15 U.S.C. section 77g.*

■ The Third Claim for Relief alleges that both CNB and Nortrust are liable to the plaintiff for damages because the securities at issue were not registered in full compliance with 15 U.S.C. section 77g. Civil liability for placing untrue statements or for failing to state material facts in a registration statement required by section 77g is governed by 15 U.S.C. section 77k. It is plain that the complaint does not allege facts which, even if true, would subject CNB to liability under that section. CNB was not the issuer of any registration statement in this case, nor has the plaintiff alleged that CNB took any action or occupied any position to bring it within the terms of these provisions. Accordingly, CNB's motion for summary judgment as to the Third Claim for Relief is meritorious.

### d. *Pendent Claims.*

Since the Court has not granted summary judgment on the federal claims, it is not necessary to dismiss the pendent state claims.

### *Order.*

In accordance with the foregoing, it is ORDERED that Colorado National Bank's motion for summary judgment as to the Third Claim for Relief is GRANTED; FURTHER ORDERED that the motions for summary judgment are DENIED in all other respects.