The RESOLUTION TRUST CORPORATION as Receiver for First Federal Savings and Loan Association of Colorado Springs, Plaintiff,

v.

The COLORADO 126 PARTNERSHIP, a Colorado General Partnership; Ariz., Inc., a Delaware corporation, a general partner of The Colorado 126 Partnership; M.B.H. Enterprises, Inc., an Illinois corporation, a general partner of The Colorado 126 Partnership; R & T Investments, Inc., an Arizona corporation, a general partner of The Colorado 126 Partnership; Frederick Quinn, a general partner of The Colorado 126 Partnership and individually; James Grier, a general partner of The Colorado 126 Partnership and individually; Dennis P. Ciechna, a general partner of The Colorado 126 Partnership and individually; Patrick Stanton, a general partner of The Colorado 126 Partnership and individually; Jack E. Jepsen, individually; Mickey H. Howell, individually; Richard A. Gruse, individually; Marksheffel Associates, a Colorado General Partnership; Lowell C.E. Ing, a general partner of Marksheffel Associates and individually; Gerry Nakata, a general partner of Marksheffel Associates and individually; James Nakai, a general partner of Marksheffel Associates and individually; Robert T. Irwin, a general partner of Marksheffel Associates and individually; and Jerry Grage, individually, Defendants.

No. 90–B–698.

United States District Court,
D. Colorado.

Sept. 24, 1990.

**36**

Thomas D. Gresham, Gresham & Travis, Colorado Springs, Colo., for plaintiff.

Kenneth Sparks, Brenda L. Bartels, Sparks, Dix, Enoch & Winslow, P.C., Colorado Springs, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Before me is defendant Dennis P. Ciechna's motion to set aside entry of default. Oral argument was held on September 21, 1990. For the reasons set forth below, the motion is denied.

## I. FACTS

On December 11, 1987 the First Federal Savings and Loan Association of Colorado Springs (the S & L) loaned $1,940,000 to the Colorado 126 partnership. Defendant Dennis P. Ciechna (Ciechna) signed the loan agreement as a general partner of the Colorado 126 partnership. In addition, the payment of the loan was guaranteed by, among others, Ciechna individually.

On March 8, 1989, the Federal Savings and Loan Insurance Corporation (FSLIC) was appointed conservator for the S & L. Effective August 9, 1989 under the Financial Institution Reform, Recovery and Enforcement Act of 1989 (FIRREA), Pub.L. No. 101–73, 103 Stat. 183 (1989), FSLIC was abolished and this conservatorship was transferred to the Resolution Trust Corporation (RTC).

RTC filed this action on April 20, 1990, alleging failure to repay the $1,940,000 loan. Ciechna was served on May 1, 1990. Ciechna failed to answer the complaint and the Clerk of the Court entered his default on August 3, 1990.

On August 14, 1990 Ciechna filed a motion to set aside the default. On September 4, 1990, Ciechna filed a supplement to his motion to set aside entry of default. Paragraph 2 states:

> Mr. Ciechna has meritorious defenses and set-offs by way of Counterclaim, based upon theories of breach of fiduciary duty, breach of covenant of good faith and fair dealing, fraud, constructive fraud, and mitigation of damages, waiver, laches and estoppel. Plaintiff among other actions participated in the transaction at issue and failed to disclosed the true value of the property being acquired, related transactions, and Plaintiff's profit and actual participation in the transaction.

## II. DISCUSSION

■ Since a default judgment has not yet been entered by the Court, defendant's

motion is properly considered under Fed.R. Civ.P. 55(c), which provides in pertinent part: "For good cause shown the court may set aside an entry of default...."

Generally, a motion under Rule 55(c) will be granted only after a defendant has shown that he has a meritorious defense to the action. Wright, Miller & Kane, *Federal Practice & Procedure*, § 2697, at 525. "The underlying concern is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.*

■ Ciechna has not presented a legally adequate defense. In *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), the Supreme Court established that, as a matter of federal common law, a debtor who lends himself to a scheme or arrangement tending to mislead bank examiners cannot raise any term or condition of that scheme or arrangement as a defense against the FDIC in a suit on a note.

The doctrine has been codified in 12 U.S.C. § 1823(e), which states:

No agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the [FDIC] unless such agreement—

(1) is in writing,

(2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,

(3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and

(4) has been, continuously, from the time of its execution, an official record of the depository institution.

In *Langley v. FDIC*, 484 U.S. 86, 93, 108 S.Ct. 396, 402, 98 L.Ed.2d 340 (1987), the Court stated:

Certainly, one who signs a facially unqualified note subject to an unwritten and unrecorded condition upon its repayment has lent himself to a scheme or arrangement that is likely to mislead the banking authorities, when the condition consists of performance of a counterpromise (as in *D'Oench, Duhme*) or of the truthfulness of a warranted fact.

Section 1823(e) applies to the RTC as well as the FDIC. *See* 12 U.S.C. § 1441a(b)(4) ("the [RTC] shall have the same powers and rights ... as the Federal Deposit Insurance Corporation has under sections 11, 12, and 13 of the Federal Deposit Insurance Act [12 U.S.C. §§ 1821, 1822, and 1823] with respect to insured depository institutions ..."); *Castleglen, Inc. v. Commonwealth Savings Ass'n*, 728 F.Supp. 656, 671–76 (D.Utah 1989).

Section 1823(e) bars the defenses claimed by Ciechna. In *Langley*, the Supreme Court reasoned that the only defenses not barred by § 1823(e) are those that make the bank note void, as opposed to voidable. 484 U.S. at 93–94, 108 S.Ct. at 402–403. Thus, the Court held that the defendants' defense of fraud in the inducement, which merely makes the note voidable, was barred by section 1823(e). By contrast "fraud in the factum—that is, the sort of fraud that procures a party's signature to an instrument without knowledge of its true contents ...—would take the instrument out of § 1823(e), because it would render the instrument entirely void, ..." 484 U.S. at 93, 108 S.Ct. at 402.

As counsel for Ciechna conceded at oral argument, the defenses claimed by Ciechna would render the contracts voidable and not void. Thus, those defenses are not legally adequate under § 1823(e) and *D'Oench, Duhme.*

Accordingly, it is ORDERED that Ciechna's motion to set aside the entry of default is DENIED.