**RESOLUTION TRUST CORPORATION, as Receiver for First Federal Savings Bank of East Alton, Illinois, in Receivership, Plaintiff,**

**v.**

**TEEM PARTNERSHIP, a Colorado general partnership; John A. Winters, Michael P. Bahr, Stevan G. Strain, and Neal M. Price, individually and as general partners of the TEEM partnership, Defendants.**

**Civ. A. No. 88–B–1560.**

United States District Court, D. Colorado.

Aug. 9, 1991.

John R. Paddock, Jr., Jerry N. Jones, Moye, Giles, O'Keefe, Vermeire & Gorrell, Denver, Colo., for plaintiff.

Scott McComas, Boulder, Colo., Michael P. Bahr, TEEM Partnership, Littleton, Colo., for defendants.

John M. Cogswell, Durant D. Davidson, Cogswell and Eggleston, P.C., Denver, Colo., for Clark.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

By order dated March 7, 1991, attached as Appendix A, I granted the motion for summary judgment filed by plaintiff Resolution Trust Company (the RTC) and found defendants liable on a promissory note (the note). The RTC now moves for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. section 1927, and attorney fees under the terms of the note. In addition, the RTC moves for a summary judgment declaring that, under Colorado Rule of Civil Procedure 106(a)(5), Jonathan F. Clark (Clark), allegedly a partner in defendant TEEM Partnership, is jointly and severally liable for the judgment entered against defendants. Clark has filed a cross motion for summary judgment. A hearing was held August 8, 1991. For the reasons stated below, I deny the RTC's motion for sanctions under Rule 11 and section 1927 but grant the motion for attorney fees under the terms of the note. I also grant Clark's motion for summary judgment concerning his liability for the judgment and, consequently, deny the RTC's summary judgment motion.

## I. RTC'S MOTION FOR SANCTIONS AND ATTORNEY FEES

The RTC moves for sanctions against defendants' attorneys under Federal Rule of Civil Procedure 11 and 28 U.S.C.

section 1927 and for attorney fees against defendants under the terms of the note.

### A. Rule 11 And Section 1927

Under Federal Rule of Civil Procedure 11,

[t]he signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

In deciding a motion for sanctions under Rule 11, I apply an objective standard. I determine whether a reasonable and competent attorney would believe the merits of an argument. *Dodd Ins. Serv., Inc. v. Royal Ins. Co.*, 935 F.2d 1152, 1155 (10th Cir.1991).

Under 28 U.S.C. section 1927, an "attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An award should be made under section 1927 only in instances evidencing a serious disregard for the orderly process of justice. *White v. American Airlines, Inc.*, 915 F.2d 1414, 1427 (10th Cir.1990).

The RTC argues that defendants' attorneys are liable under Rule 11 and section 1927 because they knew or should have known that defendants had no legally tenable defense. I disagree.

Defendants made at least two nonfrivolous defenses to the RTC's summary judgment motion. First, they argued that 12 U.S.C. section 1823(e) violated the United States Constitution's takings clause. This argument had been rejected in other jurisdictions. However, neither RTC's counsel nor I uncovered any Tenth Circuit authority on this issue. Although defendants lost the point, I conclude that their constitutional argument was not frivolous.

Defendants also argued that under *FDIC v. Nemecek*, 641 F.Supp. 740 (D.Kan. 1986), section 1823(e) did not bar their defense of accord and satisfaction. Although defendants conceded that they did not have a completed accord and satisfaction, they argued that their performance of the accord was frustrated by the actions of the RTC or its predecessor in interest. Again, there is no Tenth Circuit authority on point. The RTC's argument was simply that *Nemecek* was wrongly decided. *See* RTC's Reply Brief at 10–11. Reliance on a district court case that has not been rejected by the Tenth Circuit is not frivolous.

Because I conclude that the RTC has not met its burden under Rule 11 and section 1927, its motion for sanctions will be denied.

### B. Attorney Fees And Costs Under The Terms Of The Note

The RTC also moves for reasonable attorney fees and costs under the terms of the note. Defendants concede that they are contractually bound to the RTC for reasonable attorney fees and costs. Defendants' Response to Plaintiff's Motion For Attorney Fees at 1. However, they contest the reasonableness of the fees claimed.

Although in retrospect this case may have been prosecuted more efficiently, I cannot conclude that the $38,000 fees and costs claimed is unreasonable. Accordingly, the RTC's motion for fees and costs under the terms of the note will be granted.

The RTC also moves for prejudgment interest on the fees and costs. Although the note does not expressly provide that the holder will be entitled to interest on its attorney fees and costs, the RTC argues that it is entitled to interest because "the deed of trust ... TEEM executed to secure the note, which the note incorporates by reference, provides in ¶ 1(c) that TEEM will pay 'all amounts which [Plaintiff] has paid if [TEEM] fails to make any

payment required hereunder, or to observe or perform any of its agreements contained herein plus interest thereon at a rate of the greater of 6% per annum above the interest rate as described in the Promissory Note of 18% per annum, ...'" RTC's Motion for Attorneys' Fees and Costs at 6. Defendants do not contest the RTC's position. Accordingly, I will grant the request for prejudgment interest.

## II. CROSS MOTIONS FOR SUMMARY JUDGMENT

██ Approximately one month after final judgment entered for the RTC against defendants, the RTC filed a "Colorado Rule 106(a)(5) motion for issuance of citation to show cause as to Jonathan F. Clark." Because Federal Rule of Civil Procedure 69(a) appears to make Colorado Rule of Civil Procedure 106(a)(5) applicable here, *see Lowell Staats Mining Co. v. Philadelphia Elec. Co.*, 660 F.Supp. 809, 814–15 (D.Colo. 1987), *aff'd on other grounds*, 878 F.2d 1271 (10th Cir.1989), I issued an order that Jonathan F. Clark (Clark) show cause why he should not be bound by the judgment entered earlier. He responded. The matter is now before me on cross motions for summary judgment.

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). For the reasons stated below, I grant Clark's motion and deny the RTC's motion.

Colorado Rule of Civil Procedure 106(a)(5) reads:

When judgment is recovered against one or more of several persons jointly indebted upon an obligation, and it is desired to proceed against the persons not originally served with the summons who did not appear in the action[, s]uch persons may be cited to show cause why they should not be bound by the judgment in the same manner as though they had been originally served with the summons, and in his answer any such person may set up any defense either to the original obligation or which may have

arisen subsequent to judgment, except a discharge from the original liability by the statute of limitations.

The RTC contends that Clark was a Teem partner and is therefore jointly and severally liable under the note. Clark moves for summary judgment, claiming that Rule 106(a)(5) is limited to situations in which it is discovered after trial or judgment that another person not originally served may be liable to pay the debt in question and that the RTC knew of Clark's potential liability before judgment entered.

The parties dispute whether the RTC had reason to know that Clark was a Teem partner in early 1988. However, the RTC concedes that on January 17, 1991, defendants produced documents that revealed to the RTC that Clark was a Teem partner. RTC's Colorado Rule 106(a)(5) Motion ¶ 3. This was more than 45 days before hearing on the RTC's summary judgment motion against defendants.

The only case concerning Rule 106(a)(5)'s applicability to a situation such as this is *Womack v. Grandbush*, 134 Colo. 1, 298 P.2d 735 (1956). That case was a Rule 106(a)(5) proceeding where a judgment creditor sought to impose liability against a wife for a judgment entered after a trial against her husband. Before trial, the husband had filed an affidavit stating the he was the sole owner of a livestock business. Evidence at the trial showed that the wife was at all times a full partner in the business. The Supreme Court held that the trial court erred in refusing to order the wife to show cause why she should not be liable under the judgment entered against her husband.

There is some justification for the trial court in refusing to have the name of the wife added as a party defendant, because application for such additional party was not made at the time of the trial when the facts appeared; however, under all the facts in the case, and in fairness and justice to all parties concerned, no injury could obtain by requiring the wife to show cause why she is not liable to answer under this judgment. Had she and her husband properly demeaned them-

selves concerning the matter of revealing to the public by proper affidavit the status of their business interest, she would no doubt have been made a party defendant in the original action. The judgment creditor had a right to rely upon the record at the time of filing his action. To now deny plaintiff the right to discover the true interest entering into the judgment would be to reward people in such enterprises for misrepresentation and nondisclosure to the injury and detriment upon a relying public.

*Womack,* 298 P.2d at 736.

The clear implication of *Womack* is that absent the misrepresentation, the trial court would have been justified in refusing to hold the wife bound by the judgment against her husband. Here, the RTC has shown no misrepresentation and nondisclosure attributable to Clark. More importantly, the RTC cannot excuse its failure to join Clark before final judgment. The Federal Rules of Civil Procedure allow for liberal discovery, amendments to pleadings, and joinder of parties. The complaint in this case was filed on September 28, 1988. With reasonable diligence, the RTC should have discovered Clark's status before January 17, 1991. Even then it had ample time to amend its complaint and join Clark. Because the RTC never sought to amend or to join him, Clark has been denied meaningful, fair, and full participation in these proceedings. *See* Restatement (Second) of Judgments § 60(1)(b)(ii) (1982). Instead, to Clark's prejudice, the RTC now relies belatedly on the exceptional provisions of Colorado Rule of Civil Procedure 106(a)(5).

Assuming that this state rule can be applied by a federal court via Federal Rule of Civil Procedure 69(a), Clark has met his summary judgment burden of showing cause why he should not be bound by the judgment previously entered in this case.

Accordingly, it is ORDERED that

(1) the RTC's motion for sanctions under Rule 11 and section 1927 is DENIED;

(2) the RTC's motion for attorney fees and costs under the terms of the note is GRANTED for $38,000 plus prejudgment interest at 18% per annum and defendants are jointly and severally liable to the RTC for this amount;

(3) Clark's motion for summary judgment is GRANTED and the show cause order and the Colorado Rule of Civil Procedure 106(a)(5) proceeding against him is DISCHARGED;

(4) the RTC's motion for summary judgment on the court's order citing Jonathan F. Clark to show cause is DENIED;

(5) the final judgment shall be amended accordingly.

APPENDIX A

March 12, 1991

In the United States District Court

For the District of Colorado

RESOLUTION TRUST CORPORATION, as Conservator for First Federal Savings Bank of East Alton, Illinois, Plaintiff,

v.

TEEM PARTNERSHIP, a Colorado general partnership; JOHN A. WINTERS, MICHAEL P. BAHR, STEVAN G. STRAIN, and NEAL M. PRICE, individually and as general partners of the TEEM Partnership, Defendants.

Civil Action No. 88-B-1560

ORDER

LEWIS T. BABCOCK, District Judge.

The Resolution Trust Corporation (RTC), as conservator for First Federal Savings Bank of East Alton, Illinois (First Federal), brings this action to recover on a promissory note and contracts of guarantee. Defendants counterclaim, alleging breach of an unwritten agreement. Before me are the RTC's motion for summary judgment on its claims and on defendants' counterclaim as well as defendants' motion to amend counterclaims. Defendants' counterclaims, proposed counterclaims, and defenses to liability all involve unwritten agreements that may not be asserted against the RTC. 12 U.S.C. § 1823(e). Defendants' contention that the RTC has failed to mitigate damages is without mer-

it. Accordingly, I grant the RTC's motion for summary judgment and deny defendants' motion to amend.

"The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). To make a sufficient showing, a party may not rest on mere allegations or denial, but instead must present enough evidence that a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The record, with all disputes resolved in defendants' favor, shows the following. Defendants are Teem Partnership (Teem), a Colorado general partnership, and its individual general partners. On July 15, 1985, Teem executed a promissory note for $387,200.00 plus interest (the note) payable to Cambridge Financial Corporation (Cambridge). The note was secured by a deed of trust (the deed of trust) on real property in Douglas County, Colorado. Also on July 15, 1985, Teem executed a rent assignment agreement (the rent assignment) with Cambridge, in which Teem agreed to assign to Cambridge all rents, revenues, and benefits produced by the property securing the note under the deed of trust should Teem default on the note. As further security, defendants John A. Winter, Michael P. Bahr (Bahr), Stevan G. Strain and Neal M. Price (Price) each entered into separate contracts of guaranty (the guarantees) under which each personally guaranteed full payment of the note to Cambridge should Teem default.

On July, 30, 1985, Cambridge assigned its interest in the note, the deed of trust, the rent assignment, and the guarantees to First Federal. In July, 1986, Teem and First Federal entered into a "Promissory Note and Deed of Trust Modification Agreement" (the modified note), in which the terms of the note were reaffirmed as consideration for First Federal's agreement to increase the principal balance of the note to $460,000.

Teem made monthly payments on the note and modified note (collectively the notes) until December 1987, but has paid nothing since.

On May 1, 1988, in consideration for Teem allowing First Federal to implement the rent assignment, First Federal agreed not to file suit on the notes (the forbearance agreement). First Federal's agreement not to file suit was not made in writing and was not approved by its board of directors.

This action was filed by First Federal in September, 1988. First Federal sought to recover on the notes and the guarantees, and specific performance of the rent assignment. The claim for specific performance has been abandoned.

Defendants and First Federal agreed in February 1989 that if the defendant partners paid certain property taxes and street improvements on the secured property, First Federal would cancel the notes (the settlement agreement). Although the Federal Savings and Loan Insurance Corporation (FSLIC) had notice of this agrement, it was never put into writing.

The Federal Home Loan Bank Board determined in April 1989 that First Federal was insolvent and that grounds existed to appoint FSLIC as sole conservator for First Federal. On August 9, 1989, under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 the RTC succeeded FSLIC as conservator in this action. *See* 12 U.S.C. § 1441a(b)(6) (West Supp. 1990).

The RTC moves for summary judgment as to its claims on the notes and on the guarantees. All of defendants' counterclaims, proposed counterclaims, and defenses to liability derive from either the forbearance agreement or the settlement agreement. The RTC maintains that 12 U.S.C. § 1823(e) bars defendants from as-

serting these unwritten agreements against the RTC. I agree.

Section 1823(e) reads:

No agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the [FDIC] unless such agreement—

(1) is in writing,

(2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,

(3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and

(4) has been, continuously, from the time of its execution, an official record of the depository institution.

Section 1823(e) applies to the RTC as well as the FDIC. *See* 12 U.S.C. § 1441a(b)(4) ("the [RTC] shall have the same powers and rights ... as the Federal Deposit Insurance Corporation has under sections 11, 12, and 13 of the Federal Deposit Insurance Act [12 U.S.C. §§ 1821, 1822, and 1823] with respect to insured depository institutions ..."); *RTC v. Colorado 126 Partnership*, 746 F.Supp. 35, 37 (D.Colo.1990). This section applies whether the RTC obtains an asset in its corporate capacity or in its capacity as receiver. *Vernon v. RTC*, 907 F.2d 1101, 1105 n. 2 (11th Cir.1990); *Carico v. First National Bank*, 734 F.Supp. 768, 769 (E.D.Tex.1990).

Defendants do not assert that the forbearance agreement or the settlement agreement comply with the requirements of section 1823(e). Rather, they argue that section 1823(e) does not apply. They first contend that the forbearance agreement and the settlement agreement, which were both allegedly made before FSLIC's takeover of First Federal, cancelled the notes such that the RTC acquired no "asset" within the meaning of the statute.

The issue whether an unwritten accord and satisfaction made before the RTC (or FDIC) acquires a note is a defense under section 1823(e) has produced mixed results. *Compare FDIC v. Krause*, 904 F.2d 463, 466 (8th Cir.1990) (defense barred by 1823(e)) *with FDIC v. Nemecek*, 641 F.Supp. 740 (D.Kan.1986) (defense not barred by 1823(e)).

Courts that allow the accord and satisfaction defense reason that if an accord and satisfaction has voided a note, then the RTC or FDIC acquires no "asset" and section 1823(e) does not apply. *Nemecek*, 641 F.Supp. at 742; *cf. Langley v. FDIC*, 484 U.S. 86, 93–94, 108 S.Ct. 396, 402–03, 98 L.Ed.2d 340 (1987); *Grubb v. FDIC*, 868 F.2d 1151, 1158–59 (10th Cir.1989). However, even courts that accept the defense require a full accord and satisfaction; a mere accord is insufficient. *Nemecek*, 641 F.Supp. at 743; *see also McHose v. FDIC*, 882 F.2d 1311, 1313–14 (8th Cir.1989). This is because an accord without its satisfaction does not void the underlying note. *See Hinkle v. Basic Chemical Corp.*, 163 Colo. 408, 431 P.2d 14, 16 (1967); 15 S. Williston, A Treatise on the Law of Contracts § 1842 (3d ed.1972). Thus, there remains an "interest" in the "asset" for RTC acquisition.

Assuming without deciding that section 1823(e) is inapplicable to a full accord and satisfaction, the burden of proving the defense of accord and satisfaction rests with a defendant. *E.D. Warde & Sons v. Colorado National Bank*, 502 F.Supp. 461 (D.Colo.1980). Accordingly, on this motion for summary judgment, defendants would have the burden of showing that there was a full accord and satisfaction that voided the notes. *See, e.g., Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

Here, there is no showing that the forbearance agreement, an accord, was ever satisfied. Defendants claim that satisfaction was frustrated by First Federal's wrongful behavior. Even if this is so, the underlying obligation was not voided. 15 S. Williston at § 1843. In any event, defendants fail to show that the forbearance

agreement, even if completed, would have extinguished the notes. Rather, it is apparent that performance of the forbearance agreement was not intended to void the notes but merely to stop First Federal from suing. As Bahr concedes, he did not understand this agreement to cancel the notes. Bahr Deposition at 37; *see also id.* at 41–42.

Defendants also fail to show that the settlement agreement constituted an accord *and* satisfaction. As Price states in his affidavit, the settlement agreement provided that "if the Defendant partners agreed to pay certain property taxes and street improvements, [First Federal] would cancel the note." Price Affidavit ¶ 6. The cancellation of the notes was thus conditioned on payment of the taxes and street improvements. *See Wu v. Good,* 720 P.2d 1005, 1007 (Colo.App.1986). There is no showing in the record of any such payment. Consequently, defendants have not met their summary judgment burden.

Defendants next argue that section 1823(e) should not apply because FSLIC had actual notice of the settlement agreement. FSLIC's knowledge of the unwritten agreement is irrelevant for purposes of applying section 1823(e). *Langley,* 484 U.S. at 93, 108 S.Ct. at 402 ("knowledge by the FDIC is [ir]relevant to [section 1823(e)'s] application"); *FDIC v. Galloway,* 856 F.2d 112, 115 (10th Cir.1988).

Finally, defendants' argument that application of section 1823(e) would amount to taking without just compensation or due process is without merit. *FDIC v. State Bank of Virden,* 893 F.2d 139, 144 (7th Cir.1990); *Oliver v. RTC,* 747 F.Supp. 1351, 1356 (E.D.Mo.1990); *see Campbell Leasing, Inc. v. FDIC,* 901 F.2d 1244, 1248 (5th Cir.1990).

In summary, when the RTC acquired the notes, it acquired an "interest" in an "asset." Defenses based on the forbearance agreement or the settlement agreement, which "tend to diminish or defeat" this interest, are not cognizable against the RTC because the requirements of section 1823(e) were not met. Accordingly, defendants are liable to the RTC on the notes and the guarantees. Similarly the RTC is entitled to summary judgment on defendants' counterclaim, which asserts the forbearance agreement. Finally, defendants' motion to amend their counterclaims must be denied because the proposed counterclaims, which attempt to assert the unwritten settlement agreement, are not cognizable.

The issue of damages remains. Defendants contend that the RTC has failed to mitigate its damages by waiting to foreclose on the deed of trust and by allowing the holder of a second deed of trust to accept rents from tenants for two years. The RTC claims that it had no duty to foreclose or to except rents. I agree with the RTC.

Sections 2(c) of the guarantees states, "Guarantor grants Lender, in its uncontrolled discretion and without notice to it, the power and authority ... to direct the order or manner of sale of any such security as Lender in its discretion may determine." This section gave the RTC discretion not to foreclose. Accordingly, any delay in foreclosure is immaterial as a matter of law.

Likewise the RTC's failure to collect rents is immaterial as a matter of law. Section 5(a) of the deed of trust reads "[t]he Beneficiary may collect and receive any and all rents, issues and profits of the Real Property and may apply the same to the indebtedness secured hereby...." By using the word "may," this section gave the RTC discretion whether to collect rents. Therefore, the RTC had no duty to collect the rents and defendants' mitigation argument is without merit.

The RTC has submitted an unopposed affidavit by Karl Funk who was the Executive Vice President/CEO of First Federal. He states that the total outstanding balance due the RTC as of October 31, 1990 is $635,337.58, with interest accruing thereon at $235.24 per day after October 31, 1990. As of today, this equals $665,213.06. Because defendants have not contested these figures, the RTC has met its summary

judgment burden of proving damages and judgment will enter for $665,213.06.

Accordingly, it is ORDERED that:

(1) the RTC's motion for summary judgment on its first and second claims for relief is GRANTED;

(2) the RTC's motion for summary judgment on defendants' counterclaim is GRANTED and that claim is DISMISSED;

(3) defendants' motion to amend counterclaims is DENIED;

(4) defendants' motion for separate trial on settlement issue is DENIED as moot;

(5) the trial to court set to commence on May 15, 1991 is VACATED; and

(6) final judgment shall enter for the RTC and against defendants for $665,213.06 plus costs with interest accruing at the legal rate.

Dated: March 7, 1991 in Denver, Colorado.