## FEDERAL DEPOSIT INSURANCE CORPORATION, Appellee,

v.

## Kurtis KRAUSE, Karlton Krause and Kelly Krause, Appellants.

### No. 89–1932.

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1990.

Decided June 4, 1990.

August B. Landis, Des Moines, Iowa, for appellants.

G. Mark Rice, Des Moines, Iowa, for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Kurtis Krause, Karlton Krause, and Kelly Krause (the Krauses) appeal from a final judgment entered in the District Court[1] for the Northern District of Iowa granting summary judgment in favor of the Federal Deposit Insurance Corporation (FDIC) in its collection action. For the reasons discussed below, we affirm the judgment of the district court.

The Krauses executed two promissory notes to Citizens State Bank of Iowa Falls (the bank). After Iowa's Superintendent of Banking declared the bank insolvent on July 31, 1986, the FDIC accepted appointment as receiver of the bank and, in its corporate capacity, purchased certain assets of the bank, including the Krauses' notes. When the FDIC brought this action to collect on the notes, the Krauses asserted that the debts had been paid and settled pursuant to a settlement agreement with the bank's president on May 30, 1986.

The FDIC moved for summary judgment on the ground that, under 12 U.S.C. § 1823(e),[2] the Krauses' settlement agreement was not binding on the FDIC because, as attested in a supporting affidavit of the FDIC liquidation assistant, any approval of the agreement was not reflected in the minutes of the bank's board of directors or loan committee, and the original promissory notes acquired by the FDIC did

---

1. The Honorable John A. Jarvey, United States Magistrate for the Northern District of Iowa, who upon the parties' consent conducted proceedings and ordered entry of judgment in the case pursuant to 28 U.S.C. § 636(c).

2. Section 1823(e) provides in relevant part as follows:

No agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it ... shall be valid against the [FDIC] unless such agreement—
(1) is in writing,
(2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
(3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
(4) has been, continuously, from the time of its execution, an official record of the depository institution.
(This current version differs slightly and, for present purposes, immaterially from the version quoted by the district court and the FDIC.)

not bear the "paid" notation appearing on the Krauses' copies.

The Krauses resisted the motion, contending that the bank's president had executed the settlement agreement with full knowledge and authority of the board of directors and that the failure to incorporate approval of the agreement in the board's minutes or to mark the original notes "paid" was inadvertent or a scrivener's error.[3] The Krauses further asserted that section 1823(e) applies only to an "asset acquired" by the FDIC; here, the notes were not such assets because they were the subject of an accord and satisfaction before the FDIC acquired any asset from the bank.

The FDIC responded that accord and satisfaction is not a defense that excuses an agreement from the requirements of section 1823(e); the section is to be strictly construed, with no exception for inadvertence or scrivener's errors; and the section requires that a settlement agreement be executed and included in the bank's records contemporaneously with the making of the promissory note. After the Krauses moved for summary judgment, the FDIC additionally argued that the Krauses could not assert accord and satisfaction because they and the bank knew the exact amount of the debt and the settlement agreement was for a lesser amount with no additional consideration and, as a federal common law holder-in-due-course, the FDIC took the Krauses' notes free of the defense of accord and satisfaction.

In considering the applicability of section 1823(e), the magistrate noted that two purposes of the section are "to allow federal and state bank examiners to rely on a bank's records in evaluating the worth of the bank's assets," and to "ensure mature consideration of unusual loan transactions ... when a bank appears headed for failure." *Langley v. FDIC,* 484 U.S. 86, 91–92, 108 S.Ct. 396, 401, 98 L.Ed.2d 340 (1987) (*Langley*). The magistrate phrased the issue here as whether the FDIC or the

Krauses should pay for the mistake or failure of the bank's president in not reflecting the settlement agreement in the board's minutes. In answer, the magistrate quoted from *Langley:* "While the borrower who has relied upon an erroneous or even fraudulent unrecorded representation has some claim to consideration, so do those who are harmed by his [or her] failure to protect himself [or herself] by assuring that his [or her] agreement is approved and recorded in accordance with the statute." *Id.* at 94, 108 S.Ct. at 403. In addition, the magistrate ruled that the Krauses could not raise the defense of accord and satisfaction by an agreement that does not comply with section 1823(e). Accordingly, the magistrate granted the FDIC's motion for summary judgment and denied the Krauses' motion.

■ As a preliminary matter, the FDIC raises a jurisdictional issue. After the Krauses filed their notice of appeal in this court, attorneys for both sides entered their appearances and the Krauses filed their brief and the joint appendix. Five days before its brief was due, the FDIC moved to dismiss the appeal. The FDIC argues that this court lacks jurisdiction because the parties agreed, at the time they consented to proceed to judgment before a magistrate, that appeal would be to the district court pursuant to 28 U.S.C. § 636(c)(4) rather than to the court of appeals under section 636(c)(3). The Krauses argue that this is a nonjurisdictional matter to which the FDIC, by its delay, waived its right to object.

■ This issue appears to be one of first impression for this court. In *Ridings v. Lane County,* 862 F.2d 231 (9th Cir.1988), the Ninth Circuit considered sua sponte the effect upon its jurisdiction of the parties' prior, forgotten consent to a district court appeal. The court concluded it was not compelled to transfer the appeal to the district court:

The statute, 28 U.S.C. § 636, is clearly directed toward creating alternative fo-

---

**3.** A subsequently-submitted affidavit of the bank's president stated: "If approval of the settlement agreement does not appear in the min-

utes of the Board of Directors, it is because of oversight and/or inadvertence."

rums for appeals from magistrates' judgments. It leaves the choice of forum to the parties. Neither party has been prejudiced by the appeal to this court. The appellants chose this route and appellees effectively acquiesced.

We therefore hold that the parties' consent to a district court appeal does not create a permanent and nonwaivable jurisdictional bar to appeal to this court. If the non-appealing party wishes to require compliance with a stipulation of appeal to the district court, the non-appealing party should raise a timely objection to the exercise of jurisdiction by this court.

*Id.* at 233. We believe this is a reasonable approach; here, the FDIC's objection was not timely.

On the merits, the Krauses argue first that summary judgment was improper because, viewing the evidence presented in the light most favorable to them, genuine issues of material fact existed as to (1) whether the bank's board of directors approved the settlement agreement and (2) whether that approval was in fact reflected in the board's minutes. If section 1823(e) applies (and as discussed below, we hold that it does), it is immaterial whether the bank's board actually approved the settlement if that approval was not reflected in the minutes. As to this second issue, we think the bank's president's affidavit, upon which the Krauses rely, is not sufficient to establish a factual dispute in view of the FDIC liquidation assistant's affidavit.

■ The Krauses next argue that section 1823(e) is not applicable to their settlement agreement, which upon performance constituted an accord and satisfaction removing the subject promissory notes from among the "assets" the FDIC subsequently acquired. We believe it is unnecessary for this court to determine whether the settlement agreement constituted accord and satisfaction under Iowa law. There is no genuine issue as to the material facts that at the time the FDIC took over the bank, the original promissory notes were in the bank's files, the notes bore no notation that they had been paid, and the minutes of neither the board of directors nor the loan committee indicated any settlement agreement.

This court recognizes that "the FDIC must be able to rely on the records of the failed bank," and such reliance would be defeated "if 'seemingly unqualified notes [were] subject to undisclosed conditions.'" *FDIC v. Newhart,* 892 F.2d 47, 50 (8th Cir.1989) (quoting *Langley,* 484 U.S. at 92, 108 S.Ct. at 401). In view of the purpose of section 1823(e) to permit this reliance, we believe that the section's requirements must be applied to the agreement purportedly settling the promissory notes which were found in the bank's files. The evidence shows the agreement failed to meet at least one of the requirements—that approval by the board of directors or loan committee be reflected in the minutes of the board or committee. We therefore conclude that the magistrate properly granted summary judgment in favor of the FDIC, and we do not reach the FDIC's alternative holder-in-due-course argument.

Accordingly, the judgment of the district court is affirmed.