982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
RESOLUTION TRUST CORPORATION as Receiver for Security
Federal Savings Association, Appellee,
v.
Henry C. SHUFFIELD and wife, Ethel Shuffield, Appellants.
 No. 92-1684
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 15, 1992.
Filed: January 13, 1993.
 
 Before JOHN R. GIBSON, and WOLLMAN, Circuit Judges, and BATTEY,* District Judge.
 PER CURIAM.
 
 
 1
 Appellants Henry and Ethel Shuffield (Shuffields) appeal the decision of the district court[1] granting summary judgment in favor the Resolution Trust Corporation (RTC) as receiver for Security Federal Savings Association and denying defendants' motion to reassert their counterclaim. We affirm.
 
 BACKGROUND
 
 2
 This is an action in ejectment by RTC to recover possession of real property located in Sevier County, Arkansas. The basic facts are undisputed.
 
 
 3
 On June 6, 1978, Spring Lake Savings & Loan Association sold the property in question to Shuffields. Thereafter, Shuffields executed several promissory notes payable to the order of Security Savings Association (Security Savings). These notes were secured by executed deeds of trust covering certain real and personal property located in Sevier County, Arkansas, including the subject property of this lawsuit.
 
 
 4
 Shuffields failed to pay the notes and on July 27, 1982, a default judgment was entered against Shuffields, ordering the sale of the property described above. Pursuant to the default judgment a foreclosure sale was held at which Security Savings purchased the property.
 
 
 5
 In 1985, Shuffields brought suit in United States District Court for the Eastern District of Texas, Texarkana Division, against Security Savings alleging fraud and misrepresentation in the handling of certain real estate financing transactions. The suit was allegedly settled in October 1985. Under the alleged settlement Security Savings was to convey to Shuffields the property, together with $10,000 in exchange for which Shuffields were to drop their lawsuit and subordinate a lien on some property in Texarkana to the interest of Security Savings. The only writings evidencing this settlement agreement are two letters between the attorneys for the parties in the fraud lawsuit. The minutes of the board of directors of Security Savings did not reflect the approval of the settlement agreement. The Shuffields contend that Security Savings never delivered a check for the money or transferred title; nevertheless, the Shuffields have been living on the subject property since at least 1986.
 
 
 6
 On June 11, 1987, Security Savings was declared insolvent and placed into receivership and a new federally chartered organization, Security Savings Association, FSA (Security FSA), was formed. Subsequently, certain assets of Security Savings, including the subject property, were sold and transferred from the Federal Savings and Loan Insurance Corporation (FSLIC) as the Receiver for Security Savings to Security FSA. FSLIC was named conservator for Security FSA. In September 1989, federal authorities closed Security FSA and appointed RTC as receiver of assets. RTC transferred the asset to a new entity, Security Federal Savings Association (Security Federal). Federal authorities then appointed RTC as conservator of Security Federal.
 
 
 7
 In August 1990, RTC, as conservator for Security Federal, brought this ejectment action against Shuffields to recover possession of the property.[2] Shuffields filed an answer and counterclaim asserting that they had title to the property pursuant to the alleged settlement agreement. The district court granted Security Federal's motion to dismiss the counterclaim. Thereafter, Security Federal filed a motion for summary judgment contending that Shuffields' claims were barred by federal common law as a well as 12 U.S.C. § 1823(e). Shuffields opposed the summary judgment motion and moved to reassert their counterclaim. The district court granted summary judgment for Security Federal and denied Shuffields' motion holding that they were barred by 12 U.S.C. § 1823(e) from asserting the settlement agreement as a defense.
 
 DISCUSSION
 
 8
 The issue before this Court is whether the alleged settlement agreement entered into between Shuffields and Security Savings is sufficient to satisfy the statutory requirements of 12 U.S.C. § 1823(e) which provides:
 
 
 9
 No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement-
 
 
 10
 (1) is in writing,
 
 
 11
 (2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
 
 
 12
 (3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
 
 
 13
 (4) has been, continuously, from the time of its execution, an official record of the depository institution.
 
 
 14
 This Court has held that in order to be enforceable against the RTC or the FDIC, an agreement must comply with all the requirements of 1823(e). Federal Deposit Ins. Corp. v. Manatt, 922 F.2d 486, 488 (8th Cir.), cert. denied, 111 S. Ct. 2889 (1991) ( Manatt); Federal Deposit Ins. Corp. v. Krause, 904 F.2d 463 (8th Cir. 1990). "If the agreement fails to meet any one of the four requirements [of section 1823(e) ] the FDIC is not bound by the agreement." Manatt, 922 F.2d at 488.
 
 
 15
 The district court found that the agreement did not satisfy the third requirement of the statute. That is, Shuffields came forth with no evidence that the agreement was approved by the board of directors of the savings association. Further, it is uncontested that the agreement was not reflected in the board's minutes. We agree with the district court and find the alleged settlement agreement does not meet the statutory requirements of section 1823(e) and therefore is unenforceable against RTC.[3]
 
 
 16
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation
 
 
 [1]
 The Honorable Morris S. Arnold, then United States District Judge for the Western District of Arkansas, now United States Circuit Judge
 
 
 [2]
 In December 1990, federal authorities closed Security Federal and appointed RTC as receiver for its assets. In March 1991, the trial court granted a motion to substitute as plaintiff the RTC as receiver in place of the RTC as conservator
 
 
 [3]
 The district court also expressed the belief that the agreement did not satisfy the contemporaneous execution requirement of section 1823(e)(1); however, the district court did not discuss this issue in detail because of its conclusion that Shuffields failed to establish that the agreement was approved by the board of directors. Similarly, in light of our holding today, we need not reach the contemporaneous execution issue