McKinley WISE, et al., Plaintiffs,

v.

RESOLUTION TRUST CORP., Receiver of Horizon Financial, F.A., Defendant.

Civ. A. No. 92–4802.

United States District Court, E.D. Pennsylvania.

May 19, 1993.

---

Marvin Wilenzik, Edmunds J. Brokans, Clark, Ladner, Fortenbaugh & Young, Conshohocken, PA, for plaintiffs.

Marjorie E. Greenfield, Anderson & Greenfield, Philadelphia, PA, for defendant.

## MEMORANDUM ORDER

ROBRENO, District Judge.

AND NOW, this 18th day of May, 1993, upon consideration of defendant's motion for summary judgment (Document No. 5); plaintiffs' response in opposition to defendant's motion (Document No. 9); defendant's reply to plaintiffs' response (Document No. 10); the letter dated February 19, 1993, from plaintiffs' counsel; the letter dated February 25, 1993, from defendant's counsel; plaintiffs' sur-reply in opposition to defendant's motion (Document No. 12), which includes, *inter alia*, the affidavit of Howard C. Lapensohn, dated March 8, 1993; the letter dated March 12, 1993, from defendant's counsel; the affidavit of Edmunds J. Brokans, Esq., dated March 28, 1993; the verification of Marjorie E. Greenfield, Esq., dated April 5, 1993; the supplemental affidavit of Edmunds J. Brokans, Esq., dated April 12, 1993, which includes, *inter alia*, the affidavit of McKinley Wise, dated March 28, 1993; and defendant's response to plaintiffs' supplemental affidavit (Document No. 22); and after hearing oral argument on the motion, it is hereby **ORDERED** that:

(1) Defendant's motion for summary judgment is **GRANTED;**

(2) **JUDGMENT** shall be **ENTERED** in favor of the defendant; and

(3) This case shall be marked **CLOSED.**

 Defendant Resolution Trust Corporation's motion for summary judgment is being granted on the basis of the *D'Oench, Duhme* doctrine and 12 U.S.C. § 1823(e),[1]

---

**1.** 12 U.S.C. § 1823(e) provides as follows:

(e) Agreements against interests of Corporation

No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement—

(1) is in writing,

(2) was executed by the depository institution and any person claiming an adverse in-

both of which bar the plaintiffs' claims. *See* 12 U.S.C. §§ 1821(d)(9)(A), 1823(e); *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 460, 62 S.Ct. 676, 681, 86 L.Ed. 956 (1942) (disallowing defense to FDIC's demand on a note, where defense was based on unrecorded side agreement through which maker had lent self to scheme or arrangement whereby banking authorities were likely to be misled); *see also Adams v. Madison Realty & Dev., Inc.*, 937 F.2d 845, 851–54, 857–59 (3d Cir.1991). In essence, a party cannot enforce an agreement that would diminish assets acquired from a bank by the Resolution Trust Corporation, when such agreement was unwritten and neither contemporaneously executed and approved by the bank nor recorded in the bank's records. *See Adams;* 937 F.2d at 851–54. Application of the doctrine and statute is not limited to obligations between a bank and its obligor; "agreements" falling within the scope of the doctrine and statute include any conditions of performance; and the Resolution Trust Corporation's knowledge of an alleged oral understanding is irrelevant. *See id.* at 857–58.

■ In the present case, plaintiffs claim that, pursuant to an oral understanding with Horizon Financial, F.A. ("the Bank"),

---

terest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,

 (3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and

 (4) has been, continuously, from the time of its execution, an official record of the depository institution.

12 U.S.C. § 1823(e).

2. Moreover, even if these assets were not considered the specific assets that the plaintiffs' claims would diminish, application of the *D'Oench* doctrine is not limited to claims diminishing specific assets. *See Adams,* 937 F.2d at 857 n. 5 ("section 1823(e) and the *D'Oench, Duhme* doctrine require only that the FDIC have some interest in some asset"); *Hall v. FDIC,* 920 F.2d 334, 339–40 (6th Cir.1990) (holding that *D'Oench* doctrine barred borrower's claims against receiver of bank, although borrowers had paid off outstanding debt to bank before receiver was appointed), *cert. denied,* —— U.S. ——, 111 S.Ct. 2852, 115 L.Ed.2d 1020 (1991);

the net proceeds from the bankruptcy sale and settlement of their real estate in January, 1988, were intended to be used to satisfy the plaintiffs' obligations to the Bank only after two I.R.S. tax liens were satisfied from the proceeds of the sale. Because the proceeds were used to satisfy the plaintiffs' obligations to the Bank without first being applied towards the tax liens, plaintiffs sought recovery from Resolution Trust Corporation, which had been appointed receiver for the Bank in 1990. It is undisputed, however, that the written and recorded settlement did not, in fact, provide for the prior satisfaction of the tax liens. In the absence of contemporaneous, written execution of such a condition of the settlement agreement, officially approved and preserved continuously as a record by the Bank, the plaintiffs' claims are barred. The Bank's proceeds from the sale and settlement constituted the specific "assets" that the receiver acquired and that the plaintiffs' claims would diminish, in contravention of section 1823(e).[2] Therefore, following complete document production from the defendant to the plaintiffs, as verified by the defendant's counsel, and having reviewed the affidavits and verifications of both parties, the Court must conclude that there is no genuine issue of material fact.

---

*Bowen v. FDIC,* 915 F.2d 1013, 1015–16 (5th Cir.1990) (applying *D'Oench* to bar claims against receiver of bank based on bank loan officer's alleged oral agreement to extend future loan to enable plaintiffs to pay delinquent taxes, and explaining that "[t]he agreement need not implicate a specific obligation, such as a note or other asset held by the FDIC"); *McCaugherty v. Siffermann,* 772 F.Supp. 1128, 1135–1140 (N.D.Cal.1991) (determining that doctrine barred suit for damages, even if plaintiffs did not seek cancellation of a note, because "an unwritten representation forming an unrecorded agreement, even if not asserted to attack a specific monetary obligation, is a scheme to which plaintiff[s] lend[ ] [themselves] that is likely to mislead the federal banking regulators"); *cf. Twin Constr., Inc. v. Boca Raton, Inc.,* 925 F.2d 378, 382 (11th Cir.1991) (reasoning that "[i]f *any* of a bank's assets are diminished by agreements not contained in the records of the bank," federal regulatory authorities are unable to evaluate reliably the bank's assets, and thus *D'Oench* should apply to protect any type of asset that would be diminished).

Fed.R.Civ.P. 56(c).[3]

Plaintiffs argue that their claims are beyond the scope the doctrine because the claims are not based upon their obligations to the Bank, which the settlement extinguished. *D'Oench* and section 1823(e), contrary to the plaintiffs' contentions, are not limited to cases in which an obligor of a bank seeks to avoid an obligation to the receiver of the bank. *See Adams*, 937 F.2d at 857–58; *see, e.g., North Ark. Medical Ctr. v. Barrett*, 962 F.2d 780, 787–89 (8th Cir.1992) (holding that section 1823(e) barred bank depositor's claim to enforce security agreement against receiver of the bank); *Royal Bank of Canada v. FDIC*, 733 F.Supp. 1091, 1096 (N.D.Tex.1990) (holding that where lead bank of participating loan allegedly breached oral side agreements of the loan agreement, the *D'Oench* doctrine barred participating bank's claims against receiver of lead bank that were based on the oral agreements).

In particular, plaintiffs argue that their claims should not be barred because the bankruptcy discharge extinguished their obligation to the Bank through accord and satisfaction. Assuming, *arguendo*, that extinction of their original obligation would remove their present claims from the reach of the doctrine, plaintiffs' claims would still be barred because the alleged accord and satisfaction *itself* must satisfy the requirements of *D'Oench* and section 1823(e). *See Public Loan Co. v. FDIC*, 803 F.2d 82, 84–85 (3d Cir.1986) (holding that section 1823(e) barred defense to FDIC's claims, where defense was based on accord and satisfaction that did not satisfy 1823(e)'s requirements); *see also FDIC v. Krause*, 904 F.2d 463, 466 (8th Cir.1990) (despite argument that settlement agreement constituted accord and satisfaction

that had removed notes from the assets subsequently acquired by the FDIC, court enforces FDIC collection on the notes, because the alleged accord and satisfaction did not satisfy section 1823(e)). As noted above, plaintiffs' claims are based upon an alleged oral understanding that the Bank was only to accept the proceeds of the property sale that remained after the tax liens were paid. This condition or warranty of the alleged accord and satisfaction cannot, however, form the basis of plaintiffs' claims, absent compliance with the requirements of *D'Oench* and section 1823(e). *See Adams*, 937 F.2d at 857 (interpreting doctrine to encompass warranties and conditional representations).

Finally, plaintiffs' argument that their own "innocence" removes them from the scope of *D'Oench* and section 1823(e) is not an accurate statement of the caselaw interpreting the doctrine and statute. *See Langley v. FDIC*, 484 U.S. 86, 94–95, 108 S.Ct. 396, 403, 98 L.Ed.2d 340 (1987); *Capitol Bank & Trust Co. v. 604 Columbus Ave. Realty Trust (In re 604 Columbus Ave. Realty Trust)*, 968 F.2d 1332, 1347–48 (1st Cir.1992). Similarly, the FDIC's knowledge of the alleged understanding is irrelevant. *See Adams*, 937 F.2d at 858. Based upon the foregoing, there is no genuine issue of material fact, and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

AND IT IS SO ORDERED.

---

**3.** Plaintiffs contend that summary judgment for the defendant is premature because they have not yet had the opportunity to depose Albert Batchelor, who was the Horizon Financial loan manager responsible for the plaintiffs' account. Plaintiffs argue that his deposition is needed to ascertain the contents of the Bank's loan file for their account, and to uncover the basis and limitations of his conclusion that the file never contained any document signed by the Bank

and the plaintiffs concerning the payment of the tax liens from the settlement proceeds. However, plaintiffs themselves do not allege that, contemporaneously with the settlement, they executed any written agreement providing for the payment of the disputed tax liens before payment to the Bank. Therefore Mr. Batchelor's testimony at deposition is incapable of disclosing facts that would justify the plaintiffs' opposition to the defendant's motion.