VAN DORN PLASTIC MACHINERY CO., Petitioner, Cross–Respondent,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent, Cross–Petitioner.

Nos. 90–6340, 90–6539.

United States Court of Appeals, Sixth Circuit.

Argued July 18, 1991.

Decided Aug. 5, 1991.

Rehearing and Rehearing En Banc Denied Sept. 18, 1991.

Keith A. Ashmus (argued), Carl H. Gluek, Thompson, Hine & Flory, Cleveland, Ohio, for petitioner, cross-respondent.

Aileen A. Armstrong, Deputy Associate Gen. Counsel, Charles P. Donnelly, Jr., John C. Truesdale, Executive Secretary, Margaret E. Luke (argued), N.L.R.B., Office of the Gen. Counsel, Washington, D.C., Frederick Calatrello, Director, Cleveland, Ohio, for respondent, cross-petitioner.

Before MERRITT, Chief Judge, KEITH, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.

MERRITT, Chief Judge.

Petitioner/Cross–Respondent Van Dorn Plastic Machinery Company ("Van Dorn") petitions for review and for an order denying enforcement of an order of the National Labor Relations Board (the "Board"). The Board cross-petitions for enforcement of the order. The primary issues are: (1) When does the bargaining "certification year" begin to run within the meaning of 29 U.S.C. § 159, and (2) Whether the decision in *N.L.R.B. v. Nat'l Medical Hospital of Compton*, 907 F.2d 905 (9th Cir.1990), enforcing *National Medical Hospital*, 257 N.L.R.B. 643 (1981) (holding that the year begins to run when the parties meet to begin negotiations) constitutes a "new rule" which may not be applied retroactively. We conclude as did the Board in the instant case, and the Ninth Circuit in *Compton, supra,* that the year begins to run when the parties meet for bargaining and further that this ruling does not constitute a "new rule" for purposes of retroactivity analysis. We therefore enforce the Board's order found at 300 N.L.R.B. 31 (1990).

On January 17, 1978, the Board certified the Int'l Assn. of Machinists & Aerospace Workers, AFL–CIO, (the Union) as the collective bargaining agent for Van Dorn's employees. Van Dorn challenged the certification and refused to bargain. Van Dorn engaged in unfair labor practices as found by the Board in a decision which was made final by the Supreme Court's denial of Van Dorn's petition for certiorari on February 19, 1985. The Union had requested a new list of names and addresses of members of the bargaining unit in October of 1984, and Van Dorn did not forward that information until February 28, 1985, after the Supreme Court denied certiorari. With the information, Van Dorn sent a letter announcing its willingness to bargain. The Union requested additional material on March 12, 1985,

which was provided on March 29. The Union held a meeting of Van Dorn employees on April 14, for the purpose of updating employees on developments since the 1978 certification. A bargaining committee was chosen on April 27. On May 1, 1985, the Union requested that negotiations begin at Van Dorn's earliest convenience. Van Dorn responded that its negotiator would be unavailable until June 4, and the first meeting was held on that day. The question at issue is whether the "certification year" should run from this date as the Board held.

On February 4, 1986, Van Dorn made a "final" offer. The Union purported to accept the offer by telegram on March 4, but Van Dorn objected. On March 14, 1986, Van Dorn wrote the Union that it was withdrawing recognition of the Union based on objective evidence that the Union no longer had the support of the majority of the employees in the bargaining unit.

The issue is whether Van Dorn unlawfully withdrew recognition within the certification year, during which the Union's majority status cannot ordinarily be questioned. *Brooks v. Nat'l Labor Relations Board,* 348 U.S. 96, 75 S.Ct. 176, 99 L.Ed. 125 (1954). The Board found that date to be June 4, 1985, the date upon which the first negotiating session was held, basing its decision on the *Compton* case, *supra.* Van Dorn urges that the proper date is February 28, 1985, the date upon which it furnished requested information to the Union and announced its willingness to bargain. Alternatively Van Dorn claims that if the Board is correct as to the rule, it is improper to apply *Compton* to Van Dorn retroactively. Van Dorn argues that *Compton* was decided after Van Dorn had withdrawn certification and that it was acting in reliance upon earlier rulings when it withdrew its recognition of the Union.

■ For the reasons stated in Judge Schroeder's opinion in the *Compton* case, we agree with the Board that the year begins to run when the parties meet to begin negotiations—here June 4, 1985. As the four NLRB cases cited and discussed at length suggest—*Colfor, Inc.,* 282 N.L.R.B.

1173 (1987); *Alamo Cement Co.,* 277 N.L.R.B. 309, (1985); *Chicago Health and Tennis Clubs,* 251 N.L.R.B. 140 (1980); *Groendyke Transport, Inc.,* 205 N.L.R.B. 244 (1973)—the NLRB has consistently held since 1973 that this bargaining date is ordinarily the appropriate date to begin the running of the certification year. It is a salutary principle designed to encourage the parties to begin serious negotiations at an early date.

Viewing these cases as a body of law, it appears that the Board has consistently held that extra time is warranted when the certification year is interrupted by the refusal of the employer to bargain. Additional calendar time is added to make up a "reasonable period," and many factors go into the determination. Thus, the "rule" of the NLRB has been a broad standard based upon the date the parties begin to bargain in good faith.

■ Van Dorn's claim of improper retroactive application of *Compton* has merit only if *Compton* represents "a new principle of law, either by overruling clear past precedent on which the litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. This 'clear break' requirement is a threshold consideration for determining the nonretroactive application of federal decisions." *Lowary v. Lexington Local Bd. of Educ.,* 903 F.2d 422, 427 (6th Cir.1990). In cases involving the Board, this principle from *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), is somewhat modified. The Board's rulings may always be applied retroactively unless manifest injustice can be shown. *Fox Painting Co. v. Nat'l Labor Relations Board,* 919 F.2d 53, 56 (6th Cir.1990); *Adair Standish Corp. v. Nat'l Labor Relations Board,* 912 F.2d 854, 865 (6th Cir.1990). To find manifest injustice there must be reasonable reliance of the parties on preexisting law, *id.,* which necessarily presupposes preexisting law from which the present ruling would be the "clean break." There is no clean break here for there is no new rule, as the *Compton* case makes clear. The Board has fol-

lowed a consistent pattern. Accordingly, we need go no farther and do not reach the issue of whether a retroactive application of a N.L.R.B. ruling would be proper in this case if there were a clean break with prior precedent. The Board's determination of the proper start of the certification year in this case is consistent with its prior rulings.

Finally, Van Dorn argues that *Compton* contains an exception for commencing of the certification year with the first bargaining session if the Union procrastinates, and that this exception should be applied in this case. We disagree. After a hiatus of more than seven years, the Union is fairly entitled to the three or four months it took to reestablish its ties with the members of the bargaining unit. Additionally, the ALJ found that the last month of delay was caused by the unavailability of Van Dorn's representative; this time is not fairly charged to the Union. We hold that the *Compton* exception for Union procrastination does not apply in this case.

Accordingly, the petition for review is DENIED and the Board's cross-application for enforcement of its order is GRANTED.