March 18, 1993 UNITED STATES COURT OF APPEALS
For The First Circuit

No. 92-1770

FEDERAL DEPOSIT INSURANCE CORPORATION,

Plaintiff, Appellee,

v.

LONGLEY I REALTY TRUST, ET AL.,

Defendants, Appellees,

ANGELINE A. KOPKA, ET AL.,

Defendants, Appellants.

ERRATA SHEET

The opinion of this Court issued on March 10, 1993, is
amended as follows:

Page 9, Line 8, should read: "district court's . . ."
instead of "district court . . . "

March 10, 1993 UNITED STATES COURT OF APPEALS
For The First Circuit

No. 92-1770

FEDERAL DEPOSIT INSURANCE CORPORATION,

Plaintiff, Appellee,

v.

LONGLEY I REALTY TRUST, ET AL.,

Defendants, Appellees,

ANGELINE A. KOPKA, ET AL.,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Martin F. Loughlin, Senior U.S. District Judge]

Before

Torruella, Circuit Judge,

Coffin, Senior Circuit Judge,

and Cyr, Circuit Judge.

William E. Aivalikles for appellants.

E. Whitney Drake, Special Counsel, with whom Ann S. DuRoss,

Assistant General Counsel, and Richard J. Osterman, Jr., Senior

Counsel, Federal Deposit Insurance Corporation, were on brief for
appellee Federal Deposit Insurance Corporation.

March 10, 1993

TORRUELLA, Circuit Judge. The Federal Deposit

Insurance Corporation ("FDIC"), as receiver of First Service Bank

("Bank"), sued appellants, Angeline Kopka and David Beach, to

collect on promissory notes made out to the Bank. Appellants

responded that they did not owe the FDIC the amount promised in

the notes because they had entered settlement agreements over

these notes with the Bank before the FDIC took over as receiver.

The district court granted summary judgment in favor of the FDIC,

finding that the doctrine established in D'Oench, Duhme & Co. v.

FDIC, 315 U.S. 447 (1942), and 12 U.S.C. 1823(e) (1989),

forbids the assertion of this alleged agreement against the FDIC.

In addition, the district court granted attorney's fees to the

FDIC pursuant to provisions of appellants' promissory notes.

Because we agree that 1823(e) protects the FDIC in this case

and that the district court granted a reasonable attorney's fees

award, we affirm the district court's judgment.

BACKGROUND

Appellants borrowed money from the Bank and executed

promissory notes in the amount of the loans. The notes matured

in May and June of 1989. Appellants contend that they reached a

settlement of these loans on March 15, 19891 which required them

to convey to the Bank the real estate that secured their

promissory notes, free of all liens.

1 Although appellants name December 21, 1988 as their settlement
date, they maintain that the Bank refused to fulfill the
agreement, forcing them to bring suit in the Hillsborough County
Superior Court, which the court dismissed without prejudice on an
unrelated ground. Consequently, they argue, they entered a new
settlement agreement on March 15, 1989.

On March 31, 1989, the Commissioner of Banks for the

Commonwealth of Massachusetts declared the Bank insolvent and

appointed the FDIC as receiver.2 As receiver, the FDIC demanded

payment of all debts owed to the Bank when the Bank failed. No

evidence of appellants' alleged settlement agreement was found in

the Bank's records. As such, on March 3, 1991, as part of its

debt collection campaign, the FDIC sued appellants on the

promissory notes. Appellants argued that their settlement

agreement with the Bank binds the FDIC as receiver and that they

therefore do not owe the FDIC the amount claimed. The FDIC then

moved for summary judgment, arguing that under D'Oench, Duhme &

Co. and 12 U.S.C. 1823(e), any unwritten agreement alleged by

appellants cannot bind the FDIC. The district court initially

denied the motion but granted it upon reconsideration.

DISCUSSION

I. SUMMARY JUDGMENT

Summary judgments receive plenary review in which we

read the record and indulge all inferences in the light most

favorable to the non-moving party. E.H. Ashley & Co. v. Wells

Fargo Alarm Services, 907 F.2d 1274, 1277 (1st Cir. 1990).

II. THE D'OENCH DOCTRINE AND 12 U.S.C. 1823(e) (1989)

Under D'Oench, Duhme & Co., 315 U.S. at 460, a party

may not defend against a claim by the FDIC for collection on a

promissory note based on an agreement that is not memorialized in

2 Massachusetts uses the term "liquidating agent" instead of
receiver. According to 12 U.S.C. 1813(j) (1989), however, the
term "receiver" includes liquidating agents.

-3-

some fashion in the failed bank's records.3 The parties' reason

for failing to exhibit the agreement in the bank's records is

irrelevant, as is the FDIC's actual knowledge of the agreement.

Timberland Design, Inc. v. First Serv. Bank for Sav., 932 F.2d

46, 48-50 (1st Cir. 1991).

Congress embraced the D'Oench doctrine in 12 U.S.C.

1823(e). Bateman v. FDIC, 970 F.2d 924, 926 (1st Cir. 1992).

Section 1823(e) requires any agreement that would diminish the

FDIC's interest in an asset acquired as receiver to be in writing

and executed by the failed bank.4

3 Although D'Oench, Duhme & Co. dealt with the FDIC in its

corporate capacity, the D'Oench doctrine equally applies in cases

involving the FDIC as receiver. See Timberland Design, Inc. v.

First Serv. Bank for Sav., 932 F.2d 46, 48-49 (1st Cir. 1991).

4 Section 1823(e) provides:

No agreement which tends to diminish or
defeat the interest of the [FDIC] in any
asset acquired by it . . . as receiver of
any insured depository institution, shall be
valid against the [FDIC] unless such
agreement -

(1) is in writing,

(2) was executed by the depository
institution and any person claiming an
adverse interest thereunder, including
the obligor, contemporaneously with the
acquisition of the asset by the
depository institution,

(3) was approved by the board of
directors of the depository institution
or its loan committee . . ., and

(4) has been, continuously, from the time
of its execution, an official record of
the depository institution.

-4-

Appellants concede that no writing executed by the Bank

exists. Appellants argue, however, that 1823(e) does not apply

to this case for two reasons. First, when Congress originally

enacted 1823(e), the section applied to the FDIC only in its

corporate capacity. It was not until August of 1989 that

Congress amended 1823(e), through the Financial Institutions

Reform, Recovery, and Enforcement Act ("FIRREA"), to make

1823(e) directly applicable to the FDIC in its receiver

capacity. Appellants argue that since they reached a settlement

with the Bank on March 15, 1989, 1823(e) does not apply to this

case.

Second, appellants argue that even if 1823(e), as

amended by FIRREA, applied to cases prior to August 1989, it does

not reach the present case because the FDIC acquired no interest

in the promissory notes as required by 1823(e). We address

these arguments in turn.

A. Retroactivity of FIRREA

In general, district courts apply the law in effect

when they render their decisions, "unless doing so would result

in manifest injustice or there is statutory direction or

legislative history to the contrary." Bradley v. Richmond Sch.

Bd., 416 U.S. 696, 711 (1974).5 Since the FDIC brought this

5 In Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827,

836 (1990), the Supreme Court noted a tension between Bradley and

Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988), which

stated a presumption against retroactivity. However, the Court
declined to reconcile the cases. Kaiser Aluminum & Chem. Corp.,

494 U.S. at 854.

-5-

action on March 3, 1991, almost two years after the application

of 1823(e) to the FDIC as receiver, 1823(e) presumptively

applies to this case.

Thus, we examine the two exceptions to the general

rule. First, the statute itself and the legislative history

offer little guidance as to Congress' intent with respect to

retroactivity. Under Bradley, this lack of guidance supports

retroactive application. Bradley, 416 U.S. at 715-16 (stating

that when legislative history is inconclusive, courts should

apply the statute retroactively).

Second, to determine whether a manifest injustice will

result from the retroactive application of a statute, we must

balance the disappointment of private expectations caused by

retroactive application against the public interest in

enforcement of the statute. Demars v. First Serv. Bank for Sav.,

907 F.2d 1237, 1240 (1st Cir. 1990). In the present case,

appellants' disappointed expectations are small. Appellants had

notice that their agreement had to meet certain criteria to be

valid against the FDIC. The D'Oench doctrine was well

The Seventh and Eight circuits have expressly addressed the
issue of retroactivity with respect to the substantive provisions
of FIRREA. Both of these circuits applied FIRREA retroactively.
See FDIC v. Wright, 942 F.2d 1089, 1095-97 (7th Cir. 1991); FDIC

v. Kasal, 913 F.2d 487, 493 (8th Cir. 1990), cert. denied, 111 S.

Ct. 1072 (1991).

In light of the muddled state of the law in this area, we
apply Bradley which is well-established precedent in this

circuit. We find no prejudice in this application because
Bradley permits retroactive application only where no manifest

injustice will result. See FDIC v. Wright, 942 F.2d at 1095 n.6.

-6-

established when appellants were negotiating with the Bank.

Although D'Oench, Duhme & Co. did not explicitly require a

writing executed by the Bank, it did require that any agreement

be clearly documented in the Bank's records to be valid against

the FDIC.

In addition, even if D'Oench, Duhme & Co. did not

provide appellants with sufficient notice of the statute's

requirements, appellants' failure to meet these requirements did

not result from reasonable reliance on the D'Oench doctrine. See

Van Dorn Plastic Machinery Co. v. NLRB, 939 F.2d 402, 404 (6th

Cir. 1991) (manifest injustice requires parties' reasonable

reliance on preexisting law). Appellants did all they could to

advance settlement of the debt. In fact, they sent the necessary

documents, with their signatures, to the Bank for execution. The

Bank, however, refused to sign the papers. Appellants,

therefore, could have done nothing more to satisfy either the

D'Oench or the statutory requirements.

Finally, there is no evidence that appellants made any

attempt to perform under this agreement during the two years

between the time that appellants allegedly entered this agreement

and the time the FDIC filed suit. As such, we cannot conclude

that appellants reasonably expected this agreement to shield them

from liability on their notes.

On the other hand, 1823(e) promotes important public

policies. Congress amended 1823(e), through FIRREA, to "aid

the FDIC in its immediate responsibilities of dealing with

-7-

mounting bank failures in this country." FDIC v. Wright, 942

F.2d 1089, 1096 (7th Cir. 1991). The FDIC cannot protect public

funds held in failed banks unless it can rely on the bank's

records. FDIC v. McCullough, 911 F.2d 593, 600 (11th Cir. 1990),

cert. denied, 111 S. Ct. 2235 (1991). Accordingly, we find no

manifest injustice, and we apply 1823(e), as amended by FIRREA,

to the present case.

B. Acquisition of the promissory notes

In order to receive protection under 1823(e), the

FDIC must first acquire the asset in question from the failed

bank. In FDIC v. Nemecek, 641 F. Supp. 740, 743 (D. Kan. 1986),

the district court found that the FDIC acquired no interest in a

bank's promissory note because the parties reached an accord and

satisfaction of the note prior to the FDIC's receivership.

Consequently, the court found that 1823(e) did not protect the

FDIC against the asserted accord and satisfaction. Id.

Appellants argue that in the present case, their notes were

similarly extinguished by their settlement agreement before the

Bank failed.

Even assuming that we agree with the Kansas district

court's interpretation of 1823(e), however, Nemecek does not

assist appellants. In Nemecek, the bank authorized its attorney

to enter into an accord and satisfaction with the promisors; the

bank's attorney had already received the promisors' consideration

before the bank failed; and the bank and the promisors considered

the case settled.

-8-

In the present case, nothing in the bank's records

indicated that the bank authorized its attorney to accept the

settlement, and no consideration changed hands. It would render

1823(e) a nullity to hold unwritten agreements, without more,

valid against the FDIC as long as the parties reach the agreement

before the FDIC takes over. Banks and debtors would be able to

defraud the FDIC through secret agreements simply by reaching the

agreement before the FDIC took over. This is precisely the

situation that D'Oench and 1823(e) were intended to prevent.

Section 1823(e) precludes appellants from binding the

FDIC to their alleged settlement. Accordingly, we affirm the

district courts judgment with respect to the FDIC's claim on the

promissory notes.6

III. ATTORNEYS FEES

We review the district court's determination of

attorney's fees only for abuse of discretion. Nydam v.

Lennerton, 948 F.2d 808, 812 (1st Cir. 1991). The district

court's order exhibits a careful review of the fees and expenses.

Indeed, the judge rejected $5,182 of the claimed expenses as

unreasonable. In addition, the fees amounted to approximately

two percent of the total judgment. We cannot find an abuse of

discretion in this award.

Affirmed.

6 Because we find that 1823(e) applies in this case, we need
not reach the issue of whether D'Oench Duhme & Co. would have

protected the FDIC in this situation on its own.

-9-