USCA1 Opinion

 

 March 18, 1993 UNITED STATES COURT OF APPEALS For The First Circuit ____________________ No. 92-1770 FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff, Appellee, v. LONGLEY I REALTY TRUST, ET AL., Defendants, Appellees, ____________________ ANGELINE A. KOPKA, ET AL., Defendants, Appellants. ____________________ ERRATA SHEET The opinion of this Court issued on March 10, 1993, is amended as follows: Page 9, Line 8, should read: "district court's . . ." instead of "district court . . . " March 10, 1993 UNITED STATES COURT OF APPEALS For The First Circuit ____________________ No. 92-1770 FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff, Appellee, v. LONGLEY I REALTY TRUST, ET AL., Defendants, Appellees, ____________________ ANGELINE A. KOPKA, ET AL., Defendants, Appellants. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Martin F. Loughlin, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ _____________________ William E. Aivalikles for appellants. _____________________ E. Whitney Drake, Special Counsel, with whom Ann S. DuRoss, ________________ _____________ Assistant General Counsel, and Richard J. Osterman, Jr., Senior _________________________ Counsel, Federal Deposit Insurance Corporation, were on brief for appellee Federal Deposit Insurance Corporation. ____________________ March 10, 1993 ____________________ TORRUELLA, Circuit Judge. The Federal Deposit ______________ Insurance Corporation ("FDIC"), as receiver of First Service Bank ("Bank"), sued appellants, Angeline Kopka and David Beach, to collect on promissory notes made out to the Bank. Appellants responded that they did not owe the FDIC the amount promised in the notes because they had entered settlement agreements over these notes with the Bank before the FDIC took over as receiver. The district court granted summary judgment in favor of the FDIC, finding that the doctrine established in D'Oench, Duhme & Co. v. ____________________ FDIC, 315 U.S. 447 (1942), and 12 U.S.C. 1823(e) (1989), ____ forbids the assertion of this alleged agreement against the FDIC. In addition, the district court granted attorney's fees to the FDIC pursuant to provisions of appellants' promissory notes. Because we agree that 1823(e) protects the FDIC in this case and that the district court granted a reasonable attorney's fees award, we affirm the district court's judgment. BACKGROUND BACKGROUND __________ Appellants borrowed money from the Bank and executed promissory notes in the amount of the loans. The notes matured in May and June of 1989. Appellants contend that they reached a settlement of these loans on March 15, 19891 which required them to convey to the Bank the real estate that secured their promissory notes, free of all liens. ____________________ 1 Although appellants name December 21, 1988 as their settlement date, they maintain that the Bank refused to fulfill the agreement, forcing them to bring suit in the Hillsborough County Superior Court, which the court dismissed without prejudice on an unrelated ground. Consequently, they argue, they entered a new settlement agreement on March 15, 1989. On March 31, 1989, the Commissioner of Banks for the Commonwealth of Massachusetts declared the Bank insolvent and appointed the FDIC as receiver.2 As receiver, the FDIC demanded payment of all debts owed to the Bank when the Bank failed. No evidence of appellants' alleged settlement agreement was found in the Bank's records. As such, on March 3, 1991, as part of its debt collection campaign, the FDIC sued appellants on the promissory notes. Appellants argued that their settlement agreement with the Bank binds the FDIC as receiver and that they therefore do not owe the FDIC the amount claimed. The FDIC then moved for summary judgment, arguing that under D'Oench, Duhme & ________________ Co. and 12 U.S.C. 1823(e), any unwritten agreement alleged by ___ appellants cannot bind the FDIC. The district court initially denied the motion but granted it upon reconsideration. DISCUSSION DISCUSSION __________ I. SUMMARY JUDGMENT I. SUMMARY JUDGMENT Summary judgments receive plenary review in which we read the record and indulge all inferences in the light most favorable to the non-moving party. E.H. Ashley & Co. v. Wells _________________ _____ Fargo Alarm Services, 907 F.2d 1274, 1277 (1st Cir. 1990). ____________________ II. THE D'OENCH DOCTRINE AND 12 U.S.C. 1823(e) (1989) II. THE D'OENCH DOCTRINE AND 12 U.S.C. 1823(e) (1989) _______ Under D'Oench, Duhme & Co., 315 U.S. at 460, a party ____________________ may not defend against a claim by the FDIC for collection on a promissory note based on an agreement that is not memorialized in ____________________ 2 Massachusetts uses the term "liquidating agent" instead of receiver. According to 12 U.S.C. 1813(j) (1989), however, the term "receiver" includes liquidating agents. -3- some fashion in the failed bank's records.3 The parties' reason for failing to exhibit the agreement in the bank's records is irrelevant, as is the FDIC's actual knowledge of the agreement. Timberland Design, Inc. v. First Serv. Bank for Sav., 932 F.2d ________________________ ___________________________ 46, 48-50 (1st Cir. 1991). Congress embraced the D'Oench doctrine in 12 U.S.C. _______ 1823(e). Bateman v. FDIC, 970 F.2d 924, 926 (1st Cir. 1992). _______ ____ Section 1823(e) requires any agreement that would diminish the FDIC's interest in an asset acquired as receiver to be in writing and executed by the failed bank.4 ____________________ 3 Although D'Oench, Duhme & Co. dealt with the FDIC in its _____________________ corporate capacity, the D'Oench doctrine equally applies in cases _______ involving the FDIC as receiver. See Timberland Design, Inc. v. ___ ________________________ First Serv. Bank for Sav., 932 F.2d 46, 48-49 (1st Cir. 1991). _________________________ 4 Section 1823(e) provides: No agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it . . . as receiver of any insured depository institution, shall be valid against the [FDIC] unless such agreement - (1) is in writing, (2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution, (3) was approved by the board of directors of the depository institution or its loan committee . . ., and (4) has been, continuously, from the time of its execution, an official record of the depository institution. -4- Appellants concede that no writing executed by the Bank exists. Appellants argue, however, that 1823(e) does not apply to this case for two reasons. First, when Congress originally enacted 1823(e), the section applied to the FDIC only in its corporate capacity. It was not until August of 1989 that Congress amended 1823(e), through the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), to make 1823(e) directly applicable to the FDIC in its receiver capacity. Appellants argue that since they reached a settlement with the Bank on March 15, 1989, 1823(e) does not apply to this case. Second, appellants argue that even if 1823(e), as amended by FIRREA, applied to cases prior to August 1989, it does not reach the present case because the FDIC acquired no interest in the promissory notes as required by 1823(e). We address these arguments in turn. A. Retroactivity of FIRREA A. Retroactivity of FIRREA In general, district courts apply the law in effect when they render their decisions, "unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." Bradley v. Richmond Sch. _______ _____________ Bd., 416 U.S. 696, 711 (1974).5 Since the FDIC brought this ___ ____________________ 5 In Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, ______________________________ ________ 836 (1990), the Supreme Court noted a tension between Bradley and _______ Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988), which _____ ______________________ stated a presumption against retroactivity. However, the Court declined to reconcile the cases. Kaiser Aluminum & Chem. Corp., _____________________________ 494 U.S. at 854. -5- action on March 3, 1991, almost two years after the application of 1823(e) to the FDIC as receiver, 1823(e) presumptively applies to this case. Thus, we examine the two exceptions to the general rule. First, the statute itself and the legislative history offer little guidance as to Congress' intent with respect to retroactivity. Under Bradley, this lack of guidance supports _______ retroactive application. Bradley, 416 U.S. at 715-16 (stating _______ that when legislative history is inconclusive, courts should apply the statute retroactively). Second, to determine whether a manifest injustice will result from the retroactive application of a statute, we must balance the disappointment of private expectations caused by retroactive application against the public interest in enforcement of the statute. Demars v. First Serv. Bank for Sav., ______ _________________________ 907 F.2d 1237, 1240 (1st Cir. 1990). In the present case, appellants' disappointed expectations are small. Appellants had notice that their agreement had to meet certain criteria to be valid against the FDIC. The D'Oench doctrine was well _______ ____________________ The Seventh and Eight circuits have expressly addressed the issue of retroactivity with respect to the substantive provisions of FIRREA. Both of these circuits applied FIRREA retroactively. See FDIC v. Wright, 942 F.2d 1089, 1095-97 (7th Cir. 1991); FDIC ___ ____ ______ ____ v. Kasal, 913 F.2d 487, 493 (8th Cir. 1990), cert. denied, 111 S. _____ ____________ Ct. 1072 (1991). In light of the muddled state of the law in this area, we apply Bradley which is well-established precedent in this _______ circuit. We find no prejudice in this application because Bradley permits retroactive application only where no manifest _______ injustice will result. See FDIC v. Wright, 942 F.2d at 1095 n.6. ___ ____ ______ -6- established when appellants were negotiating with the Bank. Although D'Oench, Duhme & Co. did not explicitly require a ______________________ writing executed by the Bank, it did require that any agreement be clearly documented in the Bank's records to be valid against the FDIC. In addition, even if D'Oench, Duhme & Co. did not ______________________ provide appellants with sufficient notice of the statute's requirements, appellants' failure to meet these requirements did not result from reasonable reliance on the D'Oench doctrine. See _______ ___ Van Dorn Plastic Machinery Co. v. NLRB, 939 F.2d 402, 404 (6th _______________________________ ____ Cir. 1991) (manifest injustice requires parties' reasonable reliance on preexisting law). Appellants did all they could to advance settlement of the debt. In fact, they sent the necessary documents, with their signatures, to the Bank for execution. The Bank, however, refused to sign the papers. Appellants, therefore, could have done nothing more to satisfy either the D'Oench or the statutory requirements. _______ Finally, there is no evidence that appellants made any attempt to perform under this agreement during the two years between the time that appellants allegedly entered this agreement and the time the FDIC filed suit. As such, we cannot conclude that appellants reasonably expected this agreement to shield them from liability on their notes. On the other hand, 1823(e) promotes important public policies. Congress amended 1823(e), through FIRREA, to "aid the FDIC in its immediate responsibilities of dealing with -7- mounting bank failures in this country." FDIC v. Wright, 942 ____ ______ F.2d 1089, 1096 (7th Cir. 1991). The FDIC cannot protect public funds held in failed banks unless it can rely on the bank's records. FDIC v. McCullough, 911 F.2d 593, 600 (11th Cir. 1990), ____ __________ cert. denied, 111 S. Ct. 2235 (1991). Accordingly, we find no ____________ manifest injustice, and we apply 1823(e), as amended by FIRREA, to the present case. B. Acquisition of the promissory notes B. Acquisition of the promissory notes In order to receive protection under 1823(e), the FDIC must first acquire the asset in question from the failed bank. In FDIC v. Nemecek, 641 F. Supp. 740, 743 (D. Kan. 1986), ____ _______ the district court found that the FDIC acquired no interest in a bank's promissory note because the parties reached an accord and satisfaction of the note prior to the FDIC's receivership. Consequently, the court found that 1823(e) did not protect the FDIC against the asserted accord and satisfaction. Id. __ Appellants argue that in the present case, their notes were similarly extinguished by their settlement agreement before the Bank failed. Even assuming that we agree with the Kansas district court's interpretation of 1823(e), however, Nemecek does not _______ assist appellants. In Nemecek, the bank authorized its attorney _______ to enter into an accord and satisfaction with the promisors; the bank's attorney had already received the promisors' consideration before the bank failed; and the bank and the promisors considered the case settled. -8- In the present case, nothing in the bank's records indicated that the bank authorized its attorney to accept the settlement, and no consideration changed hands. It would render 1823(e) a nullity to hold unwritten agreements, without more, valid against the FDIC as long as the parties reach the agreement before the FDIC takes over. Banks and debtors would be able to defraud the FDIC through secret agreements simply by reaching the agreement before the FDIC took over. This is precisely the situation that D'Oench and 1823(e) were intended to prevent. _______ Section 1823(e) precludes appellants from binding the FDIC to their alleged settlement. Accordingly, we affirm the district courts judgment with respect to the FDIC's claim on the promissory notes.6 III. ATTORNEYS FEES III. ATTORNEYS FEES We review the district court's determination of attorney's fees only for abuse of discretion. Nydam v. _____ Lennerton, 948 F.2d 808, 812 (1st Cir. 1991). The district _________ court's order exhibits a careful review of the fees and expenses. Indeed, the judge rejected $5,182 of the claimed expenses as unreasonable. In addition, the fees amounted to approximately two percent of the total judgment. We cannot find an abuse of discretion in this award. Affirmed. ________ ____________________ 6 Because we find that 1823(e) applies in this case, we need not reach the issue of whether D'Oench Duhme & Co. would have ____________________ protected the FDIC in this situation on its own. -9-