**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VIRGINIA MASON MEDICAL CENTER,
                    *Petitioner,*

v.

NATIONAL LABOR RELATIONS
BOARD,
                    *Respondent.*

No. 07-73851

NLRB No.
19-CA-29046

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

On Petition for Review and Cross-Application
for Enforcement of an Order of the
National Labor Relations Board

Argued and Submitted
February 6, 2009—Seattle, Washington

Filed February 25, 2009
Amended March 10, 2009

Before: Betty B. Fletcher, Pamela Ann Rymer and
Raymond C. Fisher, Circuit Judges.

Opinion by Judge B. Fletcher

## COUNSEL

Mark A. Hutcheson, Jennifer K. Shubert, Davis Wright Tremaine LLP, for petitioner Virginia Mason.

Linda Dreeben, Robert Englehart, Christopher YoungNational Labor Relations Board, for respondent National Labor Relations Board.

## ORDER

The opinion filed February 25, 2009, slip op. 2313, is hereby amended as follows:

1.  In the caption on slip op. 2313, replace "On Petition for Review of an Order of the National Labor Relations Board" with "On Petition for Review and Cross-Application for Enforcement of an Order of the National Labor Relations Board"

2.    Line 2 on slip op. 2320, replace "AFFIRMED" with "EN-FORCED"

3.    Line 6 on slip op. 2318, replace "October 1, 2004" with "October 1, 2003"

## OPINION

B. FLETCHER, Circuit Judge:

Virginia Mason Medical Center ("Virginia Mason") appeals the National Labor Relation Board's ("NLRB" or "the Board") finding that it committed an unfair labor practice. The Board found that Virginia Mason unlawfully withdrew recognition from the United Staff Nurses Union Local 141 ("the Union") within the protected certification year period. Virginia Mason argues that the certification year elapsed prior to its withdrawal of recognition. We have jurisdiction pursuant to 29 U.S.C. §§ 160(e) and (f), and we affirm.

## FACTS

Virginia Mason operates twenty health care facilities in the Puget Sound region. The facility at issue in this appeal is the Winslow Clinic, located on Bainbridge Island. The Union won certification as the representative of unit employees at the Winslow Clinic on December 2, 2000. Virginia Mason tested the certification by refusing to bargain with the Union. The Board found against Virginia Mason, and held that it must bargain with the Union. The remedial order stated:

> To ensure that the employees are accorded the services of their selected bargaining agent for the period provided by law, we shall construe the initial period of the certification as beginning the date the Respondent begins to bargain in good faith with the Union.

On May 28, 2002, the D.C. Circuit denied Virginia Mason's petition for review and granted the Board's cross-appeal for enforcement of the remedial order. Virginia Mason submitted to the court's judgment and began compliance with the terms of the remedial order.

On June 25, 2002, the Union requested information from Virginia Mason, which it timely supplied. On August 28, the Union requested a meeting to begin negotiations and suggested three possible dates. Two days later Virginia Mason accepted October 1, 2002, as the date of the first bargaining meeting.

The parties met twenty-two times in the following months. On September 23, 2003, the clinic manager received a decertification petition signed by eight of the nineteen unit members. The final meeting occurred on September 26, at which time Virginia Mason withdrew recognition from the Union because it believed that the Union no longer had majority support. The Union then filed an unfair labor practice charge alleging that Virginia Mason had hired and fired employees based on whether they supported the Union, had encouraged a decertification campaign, and had refused to bargain with the Union in good faith. The NLRB's General Counsel reviewed this charge, and then filed a complaint alleging that Virginia Mason's conduct violated the National Labor Relations Act, 29 U.S.C. § 141 *et seq.*

At the end of the Board's case in chief, the ALJ raised *sua sponte* the issue of whether Virginia Mason's withdrawal of recognition occurred during the protected certification year. Virginia Mason argued that the year began either when the D.C. Circuit affirmed the Union's certification (May 28, 2002), or when it first responded to the Union's information request (June 2002). The ALJ disagreed and found that the certification year period began on October 1, 2002, when the parties had their first face-to-face meeting. The ALJ concluded that Virginia Mason had violated 29 U.S.C. § 158 by

withdrawing recognition on September 26, 2003, within the certification year period. The Board affirmed the ALJ's findings and adopted his recommended order in a 2/1 decision.

## DISCUSSION

"The *Chevron* doctrine requires that this court defer to the NLRB's interpretation of the NLRA if its interpretation is rational and consistent with the statute." *UFCW, Local 1036 v. NLRB*, 307 F.3d 760, 766-67 (9th Cir. 2002); *see Chevron USA, Inc. v. Natural Resources Def. Council, Inc.*, 467 U.S. 837, 843-44 (1984). In addition, the Board's interpretation of its own remedial order "enjoys a good deal of discretion." *NLRB v. Nat'l Med. Hosp. of Compton*, 907 F.2d 905, 909 (9th Cir. 1990).

Once a labor union is certified as the exclusive bargaining representative of a unit of employees, the union is entitled to a non-rebuttable presumption of majority status for a reasonable time, typically one year. *Id.* at 907. During this "certification year" period, the employer must recognize and bargain with the union; it may not withdraw recognition. *Id.* A perceived loss of majority status, as demonstrated through a decertification petition or otherwise, does not entitle the employer to withdraw recognition during this year. *Brooks v. NLRB*, 348 U.S. 96, 103 (1954).

## A.  Timing of the Certification Year

**[1]** Virginia Mason withdrew recognition from the Union on September 26, 2003, but the certification year did not end until October 1, 2003 — one year from the parties' first bargaining session. Virginia Mason's contention that the certification year started when the D.C. Circuit certified the Union is plainly wrong. It is within the Board's discretion to decide when the one-year period should start. *Compton*, 907 F.2d at 909 (citing *Brooks*, 348 U.S. at 104). In this case, the Board's remedial order clearly stated that, "we shall construe the ini-

tial period of the certification as *beginning the date the Respondent begins to bargain in good faith with the Union.*" (Emphasis added.) Indeed, this language is "more or less standard" in remedial orders. *Compton*, 907 F.2d at 907. Virginia Mason cannot avail itself of the argument that it lacked notice as to when the certification year would start.

**[2]** Furthermore, providing requested information to a union does not constitute bargaining. It is true that responding to information requests is a requisite component of good faith bargaining, but it is not sufficient in and of itself. The Board has previously held that the parties must actually hold a bargaining meeting in order to trigger the certification year. *Van Dorn Plastic Mach. Co.*, 300 N.L.R.B. 278, 278 (1990), *aff'd*, 939 F.2d 402 (6th Cir. 1991). "If the certification year were to begin when an employer furnishes information, a union could, in effect, be penalized for requesting information prior to negotiations, because that could result in less time for negotiations than if the union had not requested the information." *Id.* at 278. We hold that the certification year started with the first bargaining meeting, and not when Virginia Mason complied with just one component of bargaining.

**[3]** Finally, we reject Virginia Mason's argument that it should be excused from penalty because it withdrew recognition just four days before the certification year expired. There is no *de minimis* exception for technical noncompliance with Board orders. We are especially wary of such arguments when employers invoke employee Section 7 rights as justification for an unfair labor practice. *See Brooks*, 348 U.S. at 103 ("To allow employers to rely on employees' rights in refusing to bargain with the formally designated Union is not conducive to [industrial peace], it is inimical to it."). *LTD Ceramics, Inc.*, 341 N.L.R.B. 86 (2004), is inapposite, because there the employer waited until after the expiration of the certification year to withdraw recognition from the union.

We therefore affirm the Board's finding that Virginia Mason committed an unfair labor practice by withdrawing recognition from the Union during the certification year.

## B.   Inexcusable Delay

**[4]** A union's non-rebuttable presumption of majority status during the certification year may be lost if the union causes an inexcusable delay in bargaining. *Compton*, 907 F.2d at 909. Inexcusable delay is an affirmative defense to an unfair labor practice charge, and the burden of proof is on the party seeking to invoke this defense. *Id.* (looking to the evidence proffered by the employer on delay); *c.f. Flying Food Group, Inc. v. NLRB*, 471 F.3d 178, 183 (D.C. Cir. 2006) (finding that loss of majority status is an affirmative defense to a premature withdrawal charge).

**[5]** Virginia Mason has offered no evidence of bad faith delay by the Union, other than the bare assertion that four months is an inexcusably long time to wait to start bargaining. We agree with the Board's finding that four months is a reasonable amount of time for the Union to re-establish contacts with the unit employees, and to process the information received from Virginia Mason. Therefore, we hold that the Union was entitled to retain its presumption of majority status during the certification year.

## CONCLUSION

The decision of the NLRB is hereby ENFORCED. We remand the matter to the Board to oversee implementation of the affirmative bargaining order contained in its decision.