**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITE HERE LOCAL 11,<br><br>Petitioner,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>Respondent,<br><br>SMOKE HOUSE RESTAURANT, INC.,<br><br>Respondent-Intervenor. | No.    18-70144<br><br>NLRB Nos.    31-CA-026240<br>31-CA-026418<br>31-CA-026285<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
National Labor Relations Board

Argued and Submitted February 12, 2019
San Francisco, California

Before:  SCHROEDER, O'SCANNLAIN, and RAWLINSON, Circuit Judges.

Unite Here Local 11 (the Union) petitions for review of the ruling of the

National Labor Relations Board (the Board) interpreting a prior remedial order as

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

not requiring Smoke House Restaurant, Inc. (Smoke House) to retroactively restore the Hotel and Restaurant Employees Welfare Fund (the Fund). We have jurisdiction under 29 U.S.C. § 160(f). The Board's interpretation of a remedial order "enjoys a good deal of discretion." *Virginia Mason Med. Ctr. v. N.L.R.B.,* 558 F.3d 891, 894 (9th Cir. 2009) (quoting *N.L.R.B. v. Nat'l Med. Hosp. of Compton*, 907 F.2d 905, 909 (9th Cir. 1990)). Abuse of discretion occurs when an agency decision is illogical or irrational. *See Wilson v. Comm'r*, 705 F.3d 980, 993 (9th Cir. 2013); *see also Singh v. I.N.S.*, 213 F.3d 1050, 1052 (9th Cir. 2000).

The Union argues that the Board's interpretation of its 2006 remedial order (2006 Order) is illogical because the Board did not interpret the order as requiring retroactive payments to the Fund. The Union takes issue with the Board's interpretation of the following language from the 2006 remedial order (2006 Order) requiring Smokehouse to:

> retroactively restore the terms and conditions of employment of the employees in the unit as established by the collective-bargaining agreement between [Smokehouse] and the Union and make employees whole for any losses they incurred . . .

*JLL Restaurant, Inc. dba Smokehouse Restaurant*, 347 N.L.R.B. 192, 209 (2006).

The Board declined to interpret this language as mandating restoration to the Fund because the 2006 Order did not: (1) expressly require restoration to the

Fund, or (2) cite to *Merryweather Optical Co.*, 240 N.L.R.B. 1213, 1216 n.7 (1979).

Because the remedial order in nearly every case identified by the parties either expressly required fund restoration or cited to *Merryweather Optical* and because pursuant to the remedial order these employees have been reimbursed for their healthcare costs, the Board's decision was a rational one. *See Virginia Mason Med. Ctr.*, 558 F.3d at 894; *see also Nat'l Med. Hosp. of Compton*, 907 F.2d at 908.

**PETITION DENIED.**